## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GENE L. MUSE, individually and as Trustee of the GENE L. MUSE REVOCABLE LIVING TRUST dated 12-17-08, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | NO. CIV-12-1227-HE |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) | |

### ORDER

Plaintiff Gene L. Muse, individually and as trustee, filed this case against the United States to recover $129,096.87 seized pursuant to levy by the Internal Revenue Service from an account at Quail Creek Bank, N.A. The seized funds were in an account in the name of Gene L. Muse, as Trustee of the Gene L. Muse Revocable Living Trust dated 12-17-08. The government has moved for summary judgment. Plaintiff has responded and the motion is at issue.

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if, under the governing law, it could have an effect on the outcome of the lawsuit. A dispute over a material fact is 'genuine' if a rational jury could find in favor of the nonmoving party on the evidence presented." Tabor v. Hilti, Inc., 703 F.3d 1206, 1215 (10th Cir. 2013). The Court has viewed the evidence and any

1

reasonable inferences that might be drawn from it in the light most favorable to plaintiff, the nonmoving party, and concludes that the government's motion should be granted.

Background

The material facts are not disputed. Northwest Institute for Sports Medicine & Orthopedic Surgery PC ("Northwest") is the entity through which plaintiff Muse, a doctor, formerly conducted his medical practice. On March 13, 2009, the Internal Revenue Service ("IRS") assessed civil tax penalties against Northwest in the amount of $116,247.00. A federal tax lien based on this assessment was filed of record on June 16, 2009.

The funds at issue here arose out of transactions related to an insurance policy. Beginning in 1997, Northwest provided various benefits to its employees through an entity called the Xelan Welfare Benefit Trust. The benefits included a whole life insurance policy on plaintiff's sister, Janis K. Prior. The Trust initially owned the policy and, from 1999 through 2003, paid premiums of approximately $100,000 per year from funds supplied by Northwest.

In May, 2003, the Trust apparently terminated. On July 24, 2003, ownership of the insurance policy was transferred to Ms. Prior. On November 5, 2003, Ms. Prior transferred ownership of the policy to the Muse Family Limited Partnership, where ownership remained for several years. Then, on December 1, 2010, the Muse Family Limited Partnership (through Dr. Muse as its president) transferred ownership of the policy to Northwest.

The following day, December 2, 2010, Northwest exercised its rights, as owner, to surrender the policy and receive the surrender value of $423,102.41. Per Northwest's

2

direction, the issuing insurance company terminated the policy and paid the surrender value to Northwest. On January 5, 2011, the funds were received by Northwest and deposited into its bank account with Quail Creek Bank. As noted above, a federal tax lien was, by that time, in place as to all property of Northwest.

A few weeks later, Northwest transferred the surrender proceeds to the NWISM & Ortho Surgery PC Retirement Plan. Sometime thereafter, Dr. Muse transferred the funds to the Gene L. Muse Revocable Living Trust account at Quail Creek Bank, where they were at the time of the IRS' February 7, 2012, service of notice of levy on the bank. The notice of levy identified the taxpayer as "Gene L. Muse, as nominee of Northwest Institute of Sports Medicine" and was in the amount of $129,096.87.[1] Quail Creek Bank turned funds over to the IRS pursuant to the levy, which satisfied the outstanding tax lien against Northwest.

## Discussion

The above undisputed facts establish that a tax lien existed against Northwest and was outstanding at the time the insurance funds reached the Northwest account at the bank in January, 2011. Northwest's legal title to the funds at that point is undisputed and the lien attached to the funds then if not before. It is also undisputed that the funds later levied on in the Muse trust account are the same funds. Property subject to a federal tax lien which has been transferred by the taxpayer to a transferee may be seized in the hands of the transferee,

---

[1] *The notice included, in the section identifying the taxpayer, a handwritten notation adding the words "AKA Revocable Liv Tr Dtd 12-17-08", apparently added by the revenue officer executing the notice.*

subject to certain limitations and restrictions. *See* 26 U.S.C. §§ 6323, 6324(a)(2) and 6324(b). Here, plaintiff's response identifies no section of law that might afford a basis for avoiding, as to him or his trust, the reach of the levy. There is no suggestion that the property was exempt from levy. There is no suggestion that he was a purchaser for value or that he or the trust acquired the property without notice of the IRS lien. Rather, plaintiff offers only two arguments, both unsupported by citation of authority.[2] He argues that, at some point, he personally paid the IRS to settle tax obligations arising from issues as to the employee benefits transactions, but offers no evidence or argument to explain how any such payment creates equitable ownership or some other circumstance that might warrant protection under the tax laws. He also argues that the money was put into the Northwest account by mistake. However, there is no suggestion that the insurance company did anything other than disburse the money to the policy owner. There is no suggestion that the money was deposited anywhere other than where Northwest instructed. Given the existence of the federal tax lien, that disbursement and deposit no doubt ended up creating problems plaintiff would have preferred to avoid if he had handled the transaction differently. But that does not create a basis for avoiding the reach of the lien in the circumstances existing here.

Defendant's motion for summary judgment [Doc. #18] is **GRANTED**. Judgment will be entered in favor of defendant on plaintiff's claim for return of the funds.

---

[2]*Plaintiff's only citation of authority is to 26 U.S.C. § 6330(a), arguing that notice of the levy was insufficient under that section. However, plaintiff provides no evidentiary support of any kind for that assertion and does not otherwise attempt to develop the argument.*

**IT IS SO ORDERED**.

Dated this 30th day of October, 2013.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE